# EXHIBIT A

Filed: 7/26/2021 3:01 PM
Sharena Gilliland
District Clerk
Parker County, Texas
Rowdy Cain

CAUSE NO. CV-20-0974

| | | |
|---|---|---|
| EULA L. McFEETERS and DIANA M. SPROWLS, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | OF PARKER COUNTY, TEXAS |
| C.H. ROBINSON COMPANY, INC.; C.H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON PROJECT LOGISTICS, INC.; H T BAR, INC.; KDK PROPERTIES, LLC; KONNIE K. RUSH; DALE G. RUSH; KASEY C. MONTY; KLAYTON K. HARTLEY; and DALE D. DOWDEN, | § § § § § § § § § | |
| Defendants. | § | 415TH JUDICIAL DISTRICT COURT |

## PLAINTIFFS' THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs EULA L. McFEETERS and DIANA M. SPROWLS (hereinafter "Plaintiffs"), in the above-entitled and numbered cause, complaining of C.H. ROBINSON COMPANY, INC.; C.H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON PROJECT LOGISTICS, INC.; H T BAR, INC.; KDK PROPERTIES, LLC; KONNIE K. RUSH; DALE G. RUSH; KASEY C. MONTY; KLAYTON K. HARTLEY; and DALE D. DOWDEN (hereinafter "Defendants"), and files this, their Third Amended Petition, and in support of this pleading would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190, discovery in this suit is to be conducted under Level 3.

PLAINTIFFS' THIRD AMENDED PETITION                                        PAGE 1 OF 21

EXHIBIT A

## II. RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

2.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, the damages sought are within the jurisdictional limits of this Court.

3.     As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000 in an amount to be determined by the jury. TEX. R. CIV. P. 47(c)(4).

## III. PARTIES

4.     Plaintiff EULA L. McFEETERS (hereinafter "McFeeters") is an individual residing in Palo Pinto County, Texas.

5.     Plaintiff DIANA M. SPROWLS (hereinafter "Sprowls") is an individual residing in Palo Pinto County, Texas.

6.     Defendant C.H. ROBINSON COMPANY, INC. (hereinafter "C.H. Robinson Company") is a Minnesota corporation doing business in the State of Texas with a principal place of business in Eden Prairie, Minnesota. Defendant C.H. Robinson Company may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

7.     Defendant C.H. ROBINSON WORLDWIDE, INC. (hereinafter "C.H. Robinson Worldwide") is a Delaware corporation doing business in the State of Texas with a principal place of business in Eden Prairie, Minnesota. Defendant C.H. Robinson Worldwide may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

8.      Defendant C.H. ROBINSON PROJECT LOGISTICS, INC. (hereinafter "C.H. Robinson Project Logistics") is a Texas corporation doing business in the State of Texas with a principal place of business in Eden Prairie, Minnesota. Defendant C.H. Robinson Project Logistics may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

9.      "Defendant C.H. Robinson" shall mean and refer to Defendant C.H. Robinson Company and/or Defendant C.H. Robinson Worldwide and/or Defendant C.H. Robinson Project Logistics.

10.     Defendant H T BAR, INC. (hereinafter "H T Bar") is a foreign for-profit corporation that has been properly served and has appeared in this lawsuit.

11.     Defendant KDK PROPERTIES, LLC (hereinafter "KDK Properties") is a domestic limited liability company that has been properly served and has appeared in this lawsuit.

12.     Defendant KONNIE K. RUSH (hereinafter "Konnie Rush") is an individual residing in Parker County at 705 Quail Ridge Road, Aledo, Texas 76008. The last three digits of her Social Security number are currently unknown and will be supplemented. The last three digits of her Texas Driver's License number are 085. Defendant Konnie Rush may be served at her residence or wherever she may be found.

13.     Defendant DALE G. RUSH (hereinafter "Dale Rush") is an individual residing in Parker County at 705 Quail Ridge Road, Aledo, Texas 76008. The last three digits of his Social Security number are currently unknown and will be supplemented. The last three digits of his Texas Driver's License number are 513. Defendant Dale Rush may be served at his residence or wherever he may be found.

14.    Defendant KASEY C. MONTY (hereinafter "Monty") is an individual residing in Parker County at 13823 Llano Drive, Weatherford, Texas 76087. The last three digits of his Social Security number are currently unknown and will be supplemented. The last three digits of his Texas Driver's License number are 841. Defendant Monty may be served at his residence or wherever he may be found.

15.    Defendant KLAYTON K. HARTLEY (hereinafter "Hartley") is an individual residing in Parker County at 136 Allie Court, Hudson Oaks, Texas 76087. The last three digits of his Social Security number are currently unknown and will be supplemented. The last three digits of his Texas Driver's License number are 732. Defendant Hartley may be served at his residence or wherever he may be found.

16.    Defendant DALE D. DOWDEN (hereinafter "Dowden") is an individual that has been properly served and has appeared in this lawsuit.

## IV. VENUE

17.    Venue is proper in Parker County under Texas Civil Practice & Remedies Code section 15.002 because Defendant KDK Properties, a corporation, maintains its principal office in Parker County, Texas.

## V. FACTUAL BACKGROUND

18.    On November 15, 2019, at approximately 4:30 p.m., Defendant Dowden, while in the course and scope of his duties for Defendants C.H. Robinson, H T Bar, and KDK Properties, was operating a 2018 International semi-tractor towing a semitrailer northbound on U.S. Route 281, about five miles west of Jacksboro, Jack County, Texas. Defendant KDK Properties is the registered owner of both the semi-tractor and semitrailer (hereinafter collectively referred to as "the tractor-trailer"). Defendant H T Bar (USDOT Number 1050646) is the registered operator of

the tractor-trailer with the Federal Motor Carrier Safety Administration (FMCSA). Defendant C.H. Robinson held itself out as the carrier for the load being transferred at the time of this crash because C.H. Robinson is the named carrier on the bill of lading with the trailer number for the goods Defendant Dowden was transporting at the time of the crash. Defendants Konnie Rush, Dale Rush, Monty, and Hartley are the owners, managers, and/or directors of both Defendants H T Bar and KDK Properties.

19. Defendant Dowden was in the right lane of northbound U.S. Route 281, approaching the split of U.S. Route 281 and State Highway 114. In order to take westbound State Highway 114, a vehicle must be in the left lane.

20. As Defendant Dowden approached the highway split, he quickly began to change lanes from the right lane to the left lane to make a last-minute turn onto westbound State Highway 114. At the same time as Defendant Dowden's abrupt lane change, Plaintiff McFeeters was operating her 2004 Lexus RX 330 in the left lane of northbound U.S. Route 281, directly next to the tractor-trailer. Plaintiff Sprowls was in the passenger seat of Plaintiff McFeeters' vehicle.

21. Defendant Dowden failed to notice Plaintiff McFeeters as he quickly moved the tractor-trailer into her lane, forcing Plaintiff McFeeters to make an evasive maneuver into the grass center median in order to avoid a collision. Plaintiff McFeeters lost control of her vehicle in the median and crossed back over both northbound U.S. Route 281 lanes, before entering the borrow ditch on the right side of the highway. Plaintiff McFeeters' vehicle skidded through the ditch before striking a road sign and a guardrail, coming to rest on the east side of northbound U.S. Route 281.

22. Defendant Dowden stopped at the scene of the crash and admitted to the responding officers that he made an unsafe lane change, which forced Plaintiff McFeeters off of the roadway.

23.     Both Plaintiff McFeeters and Plaintiff Sprowls suffered serious bodily injuries as a result of this incident, which required them to be transported by Jack County EMS to Faith Community Hospital. Further, Plaintiff McFeeters' vehicle was significantly damaged.

24.     At the time of the incident, Defendant Dowden owed Plaintiffs a duty to operate the tractor-trailer in a safe and lawful manner, but in violation of such duty, Defendant Dowden operated the tractor-trailer in a negligent and reckless manner, thus causing and bringing about the incident that produced injuries to Plaintiffs' persons as well as damage to their vehicle.

### VI. CAUSE OF ACTION AGAINST DEFENDANT DOWDEN — NEGLIGENCE

25.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

26.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant Dowden for negligence.

27.     Defendant Dowden did not conduct himself as an ordinarily prudent person would have done in the same or similar circumstances. The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant Dowden in one or more of the following respects:

    a.     Failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.     Driver inattention;

    c.     Failing to obey the traffic laws of this State;

    d.     Operating the tractor-trailer without due regard for the rights of others;

    e.     Failing to operate the tractor-trailer in a safe manner;

    f.     Failing to maintain proper control of the tractor-trailer;

    g.     Failing to ensure the lane he was changing into was clear of other vehicles;

h.      Changing lanes when it was unsafe to do so;

i.       Failing to use due caution; and

j.       Violating Texas Transportation Code section 545.351, by driving the vehicle at a speed that was greater than what was reasonable and prudent under the conditions and, having regard for actual and potential hazards that existed, failing to control the speed of his vehicle as necessary to avoid the incident.

28.      Each of these acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

29.      Said conduct was with heedless and reckless disregard of the safety of others and was the result of conscious indifference to the rights, welfare, and safety of those persons affected by it in violation of the laws of the State of Texas.

## VII. CAUSE OF ACTION AGAINST DEFENDANT DOWDEN — GROSS NEGLIGENCE

30.      Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

31.      Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendant Dowden for gross negligence.

32.      At the time of the incident, Defendant Dowden's operation of the heavy tractor-trailer was grossly negligent, considering he drove distracted and made an abrupt blind lane change at highway speeds despite knowing there was a vehicle in the lane next to the tractor-trailer. Defendant Dowden's conduct, when viewed objectively from the standpoint of Defendant Dowden at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Defendant Dowden had an actual subjective awareness of the risk involved in making an abrupt blind lane change while knowing there was

another vehicle in the lane next to him, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

33.    The gross negligence of Defendant Dowden was a proximate cause of the damages suffered by Plaintiffs. Therefore, Plaintiffs McFeeters and Sprowls are entitled to exemplary damages under section 41.003(a) of the Texas Civil Practice & Remedies Code, in an amount within the jurisdictional limits of this Court.

## VIII. RESPONDEAT SUPERIOR & VICARIOUS LIABILITY OF DEFENDANT H T BAR

34.    Plaintiffs seek to hold Defendant H T Bar vicariously liable for Defendant Dowden's negligence and gross negligence under the doctrine of *respondeat superior*.

35.    At all times material hereto, Defendant Dowden was the agent, servant, and employee of Defendant H T Bar, and he was acting within the scope of his authority as such agent, servant, and employee. Defendant Dowden was acting in furtherance of the duties of his employment with Defendant H T Bar at the time of the incident.

36.    Thus, Defendant H T Bar is responsible for all damages resulting from the negligent and grossly negligent actions or omissions of Defendant Dowden, pursuant to the doctrine of *respondeat superior*.

## IX. RESPONDEAT SUPERIOR & VICARIOUS LIABILITY OF DEFENDANT KDK PROPERTIES

37.    Plaintiffs seek to hold Defendant KDK Properties vicariously liable for Defendant Dowden's negligence and gross negligence under the doctrine of *respondeat superior*.

38.    At all times material hereto, Defendant Dowden was the agent, servant, and employee of Defendant KDK Properties, and he was acting within the scope of his authority as such agent, servant, and employee. Defendant Dowden was acting in furtherance of the duties of his employment with Defendant KDK Properties at the time of the incident.

39.    Thus, Defendant KDK Properties is responsible for all damages resulting from the negligent and grossly negligent actions or omissions of Defendant Dowden, pursuant to the doctrine of *respondeat superior*.

## X. RESPONDEAT SUPERIOR & VICARIOUS LIABILITY OF DEFENDANT C.H. ROBINSON

40.    Plaintiffs seek to hold Defendant C.H. Robinson vicariously liable for Defendant Dowden's negligence and gross negligence under the doctrine of *respondeat superior*.

41.    At all times material hereto, Defendant Dowden was the agent, servant, and employee of Defendant C.H. Robinson, and he was acting within the scope of his authority as such agent, servant, and employee. Defendant Dowden was acting in furtherance of the duties of his agency, servant status, and employment with Defendant C.H. Robinson at the time of the incident.

42.    Thus, Defendant C.H. Robinson is responsible for all damages resulting from the negligent and grossly negligent actions or omissions of Defendant Dowden, pursuant to the doctrine of *respondeat superior*.

## XI. STATUTORY EMPLOYEE — DEFENDANT H T BAR

43.    In addition to the common law doctrine of *respondeat superior*, Plaintiffs seek to hold Defendant H T Bar vicariously liable for Defendant Dowden's negligence and gross negligence because he was a statutory employee.

44.    At all times material to this cause of action, Defendant Dowden was for all purposes a statutory employee of Defendant H T Bar as contemplated by both the Federal Motor Carrier Safety Regulations (FMCSR) and Texas statutes.

45.    An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business . . ." 49 C.F.R. § 390.5 (2011). Texas has incorporated, by reference, Parts 382, 385, 386,

390-393, and 395-397 of the FMCSR. *See* 37 TEX. ADMIN. CODE ANN. §3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Part 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto.").

46.     Defendant H T Bar is thereby vicariously liable for the negligent and grossly negligent actions of Defendant Dowden. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App—Fort Worth 2002, no pet.).

## XII. STATUTORY EMPLOYEE — DEFENDANT KDK PROPERTIES

47.     In addition to the common law doctrine of *respondeat superior*, Plaintiffs seek to hold Defendant KDK Properties vicariously liable for Defendant Dowden's negligence and gross negligence because he was a statutory employee.

48.     At all times material to this cause of action, Defendant Dowden was for all purposes a statutory employee of Defendant KDK Properties as contemplated by both the Federal Motor Carrier Safety Regulations (FMCSR) and Texas statutes.

49.     An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business . . ." 49 C.F.R. § 390.5 (2011) (emphasis added). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the FMCSR. *See* 37 TEX. ADMIN. CODE ANN. §3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Part 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto.").

50.    Defendant KDK Properties is thereby vicariously liable for the negligent and grossly negligent actions of Defendant Dowden. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App—Fort Worth 2002, no pet.).

## XIII. STATUTORY EMPLOYEE — DEFENDANT C.H. ROBINSON

51.    In addition to the common law doctrine of *respondeat superior*, Plaintiffs seek to hold Defendant C.H. Robinson vicariously liable for Defendant Dowden's negligence and gross negligence because he was a statutory employee.

52.    At all times material to this cause of action, Defendant Dowden was for all purposes a statutory employee of Defendant C.H. Robinson as contemplated by both the Federal Motor Carrier Safety Regulations (FMCSR) and Texas statutes.

53.    An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business . . ." 49 C.F.R. § 390.5 (2011). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the FMCSR. *See* 37 TEX. ADMIN. CODE ANN. §3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Part 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto."). Defendant C.H. Robinson is the named motor carrier on the bill of lading at the time of Defendant Dowden's negligent and grossly negligent actions, holding itself out as the party responsible for the care and delivery of the load.

54.    Defendant C.H. Robinson is thereby vicariously liable for the negligent and grossly negligent actions of Defendant Dowden. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App—Fort Worth 2002, no pet.).

### XIV. CAUSE OF ACTION AGAINST DEFENDANT H T BAR — NEGLIGENT HIRING, SUPERVISING, TRAINING, AND RETAINING OF DEFENDANT DOWDEN

55.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

56.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant H T Bar for negligent hiring, supervising, training, and retaining of Defendant Dowden.

57.     Defendant H T Bar owed Plaintiffs a legal duty to hire, supervise, train, and retain all competent employees. By negligently hiring Defendant Dowden and without properly training or supervising him in the operation of the tractor-trailer, Defendant H T Bar breached that duty to Plaintiffs. Defendant H T Bar's breach of its duty proximately caused this incident and Plaintiffs' injuries.

### XV. CAUSE OF ACTION AGAINST DEFENDANT KDK PROPERTIES — NEGLIGENT HIRING, SUPERVISING, TRAINING, AND RETAINING OF DEFENDANT DOWDEN

58.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

59.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant KDK Properties for negligent hiring, supervising, training, and retaining of Defendant Dowden.

60.     Defendant KDK Properties owed Plaintiffs a legal duty to hire, supervise, train, and retain all competent employees. By negligently hiring Defendant Dowden and without properly training or supervising him in the operation of the tractor-trailer, Defendant KDK Properties breached that duty to Plaintiffs. Defendant KDK Properties' breach of its duty proximately caused this incident and Plaintiffs' injuries.

### XVI. CAUSE OF ACTION AGAINST DEFENDANT C.H. ROBINSON — NEGLIGENT HIRING, SUPERVISING, TRAINING, AND RETAINING OF DEFENDANT DOWDEN

61.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

62.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant C.H. Robinson for negligent hiring, supervising, training, and retaining of Defendant Dowden.

63.     Defendant C.H. Robinson owed Plaintiffs a legal duty to hire, supervise, train, and retain all competent employees. By negligently hiring Defendant Dowden and without properly training or supervising him in the operation of the tractor-trailer, Defendant C.H. Robinson breached that duty to Plaintiffs. Defendant C.H. Robinson breach of its duty proximately caused this incident and Plaintiffs' injuries.

## XVII. CAUSE OF ACTION AGAINST DEFENDANT H T BAR — NEGLIGENT VEHICLE MAINTENANCE

64.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

65.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant H T Bar for negligent vehicle maintenance.

66.     Defendant H T Bar owed Plaintiffs a legal duty to maintain its vehicles in a condition such that the vehicle could be operated safely, with functional turn signals. By negligently maintaining the tractor-trailer, Defendant H T Bar breached that duty to Plaintiffs. Defendant H T Bar's breach of its duty proximately caused this incident and Plaintiffs' injuries.

## XVIII. CAUSE OF ACTION AGAINST DEFENDANT KDK PROPERTIES — NEGLIGENT VEHICLE MAINTENANCE

67.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

68.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant KDK Properties for negligent vehicle maintenance.

69.     Defendant KDK Properties owed Plaintiffs a legal duty to maintain its vehicles in a condition such that the vehicle could be operated safely, with functional turn signals. By negligently maintaining the tractor-trailer, Defendant KDK Properties breached that duty to Plaintiffs. Defendant KDK Properties' breach of its duty proximately caused this incident and Plaintiffs' injuries.

## XIX. CAUSE OF ACTION AGAINST DEFENDANT C.H. ROBINSON — NEGLIGENT VEHICLE MAINTENANCE

70.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

71.     Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant C.H. Robinson for negligent vehicle maintenance.

72.     Defendant C.H. Robinson owed Plaintiffs a legal duty to maintain its vehicles in a condition such that the vehicle could be operated safely, with functional turn signals. By negligently maintaining the tractor-trailer, Defendant C.H. Robinson breached that duty to Plaintiffs. Defendant C.H. Robinson's breach of its duty proximately caused this incident and Plaintiffs' injuries.

## XX. CAUSE OF ACTION AGAINST DEFENDANT C.H. ROBINSON — NEGLIGENT HIRING AND RETAINING OF DEFENDANTS H T BAR & KDK PROPERTIES

73.     Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

74.     In addition to the causes of action pleaded above, pursuant to Texas state law, Plaintiffs plead a cause of action against Defendant C.H. Robinson for negligent hiring and retaining of Defendants H T Bar & KDK Properties.

75.     Defendant C.H. Robinson owed Plaintiffs a legal duty to hire and retain competent sub-carriers. By negligently hiring Defendants H T Bar and KDK Properties without properly vetting the companies' safety records and without verifying the companies' abilities to safely and securely transport the load, Defendant C.H. Robinson breached that duty to Plaintiffs. Defendant C.H. Robinson breach of its duty proximately caused this incident and Plaintiffs' injuries.

## XXI. ALTER EGO LIABILITY — DEFENDANTS H T BAR & KDK PROPERTIES

76.    Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

77.    Plaintiffs further allege that Defendant KDK Properties is jointly and severally liable for the wrongful conduct of Defendant H T Bar, alleged above, because Defendant KDK Properties is the alter ego of Defendant H T Bar, which is a sham corporation.

    a.    Defendants H T Bar and KDK Properties have the same four owners, managers, and/or directors, Defendants Konnie Rush, Dale Rush, Monty, and Hartley.

    b.    Defendants H T Bar and KDK Properties have the same registered office address of 705 Quail Ridge Road, Aledo, Texas 76008, which is the residence of some of the owners.

    c.    Although Defendant H T Bar represents to some authorities that it owns no equipment, Defendant H T Bar represents to the FMCSA that it owns the vehicles that H T Bar leases from KDK Properties.

    d.    Apparently, the lease payments made by H T Bar to KDK Properties are a sham intended to transfer liability through indemnity provisions that are not at arms' length; although valued at $135,000.00, the tractor-trailer involved in the crash was leased from KDK Properties to H T Bar for $1 per month, a fraudulent and impermissible self-dealing transaction;

    e.    Defendants Konnie Rush, Dale Rush, Monty, and Hartley formed Defendants H T Bar and KDK Properties to circumvent federal statutes and regulations, including but likely not limited to tax and liability avoidance;

f.    If Defendant KDK Properties in fact owns the equipment that Defendant H T Bar operates, then Defendant H T Bar is exposed to significant risk of liability but was and still is inadequately capitalized; and

g.    Defendants H T Bar and KDK Properties failed to observe separate corporate formalities.

## XXII. DEFENDANT H T BAR ALTER EGO LIABILITY — DEFENDANTS KONNIE RUSH, DALE RUSH, MONTY, & HARTLEY

78.    Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

79.    Pursuant to Texas state law, Plaintiffs seek to hold Defendants Konnie Rush, Dale Rush, Monty, and Hartley, jointly and severally liable for the wrongful conduct of Defendant H T Bar under the theory of alter ego liability.

a.    Defendants Konnie Rush, Dale Rush, Monty, and Hartley are family members who serve as the four directors of Defendant H T Bar;

b.    Defendant H T Bar's registered office is 705 Quail Ridge Road, Aledo, Texas 76008, which is the personal residence of Defendants Konnie Rush and Dale Rush;

c.    Defendant H T Bar was organized and operated as a mere tool or business conduit of Defendants Konnie Rush, Dale Rush, Monty, and Hartley;

d.    Defendants Konnie Rush, Dale Rush, Monty, and Hartley use H T Bar's corporate formation, along with KDK Properties, to circumvent federal statutes and regulations, including but likely not limited to tax avoidance;

e.    Defendant H T Bar is a sham corporation that enters into sham transactions; and

f.    Defendant H T Bar was and still is inadequately capitalized.

80. Defendant H T Bar's corporate form has been used as part of an unfair device to achieve an inequitable result. Therefore, Defendants Konnie Rush, Dale Rush, Monty, and Hartley should be jointly and severally liable for the wrongful conduct of H T Bar.

### XXIII. DEFENDANT KDK PROPERTIES ALTER EGO LIABILITY — DEFENDANTS KONNIE RUSH, DALE RUSH, MONTY, & HARTLEY

81. Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

82. Pursuant to Texas state law, Plaintiffs seek to hold Defendants Konnie Rush, Dale Rush, Monty, and Hartley, jointly and severally liable for the wrongful conduct of Defendant KDK Properties under the theory of alter ego liability.

a. Defendants Konnie Rush, Dale Rush, Monty, and Hartley are family members who serve as the four members of Defendant KDK Properties;

b. Defendant KDK Properties' registered office is 705 Quail Ridge Road, Aledo, Texas 76008, which is the personal residence of Defendants Konnie Rush and Dale Rush;

c. Defendant KDK Properties was organized and operated as a mere tool or business conduit of Defendants Konnie Rush, Dale Rush, Monty, and Hartley; and

d. Defendants Konnie Rush, Dale Rush, Monty, and Hartley formed Defendant KDK Properties to circumvent federal statutes and regulations, including but likely not limited to tax avoidance;

e. Defendant KDK Properties is a sham corporation that enters into sham transactions; and

f. Defendant KDK Properties was and still is inadequately capitalized.

83.    Defendant KDK Properties' corporate form has been used as part of an unfair device to achieve an inequitable result. Therefore, Defendants Konnie Rush, Dale Rush, Monty, and Hartley should be jointly and severally liable for the wrongful conduct of KDK Properties.

## XXIV. Joint Enterprise - Defendants H T Bar, KDK Properties, Konnie Rush, Dale Rush, Monty, and Hartley

84.    Plaintiffs incorporate the prior facts and circumstances as if laid out fully here.

85.    Pursuant to Texas state law, Plaintiffs plead a cause of action against Defendants H T Bar, KDK Properties, Konnie Rush, Dale Rush, Monty, and Hartley under the theory of joint enterprise.

86.    Defendants H T Bar, KDK Properties, Konnie Rush, Dale Rush, Monty, and Hartley are liable for the negligent and grossly negligent acts of one another because all were in a joint enterprise. Defendants H T Bar, KDK Properties, Konnie Rush, Dale Rush, Monty, and Hartley had (1) either an express or implied agreement, (2) a common purpose of operating a successful trucking operation, (3) a community of pecuniary interest in that common purpose, and (4) an equal right to direct and control the enterprise.

87.    At all relevant times, Defendants H T Bar, KDK Properties, Konnie Rush, Dale Rush, Monty, and Hartley were acting within the scope of the enterprise.

## XXV. Plaintiffs' Damages

88.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs McFeeters and Sprowls have suffered bodily injuries and damages. As a result of those injuries and damages, both Plaintiffs seek the following:

   a.    Reasonable and necessary medical expenses incurred in the past and likely to be incurred in the future;

   b.    Physical pain and mental anguish sustained in the past and likely to be sustained in the future;

c.    Physical impairment sustained in the past and likely to be sustained in the future;

d.    Physical disfigurement sustained in the past and likely to be sustained in the future;

e.    Lost wages in the past and likely in the future;

f.    Lost earning capacity in the past and likely in the future;

g.    Property damages;

h.    Exemplary damages;

i.    Prejudgment interest;

j.    Post-judgment interest;

k.    Costs of court; and

l.    All other relief, special or general, legal or equitable, to which Plaintiffs are justly entitled.

## XXVI. JURY DEMAND

89.    Plaintiffs request that a jury be convened to try the factual issues in this cause.

## XXVII. NOTICE PURSUANT TO TRCP 193.7

90.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice to Defendants of their intent to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during any pretrial proceeding and at the trial of this matter.

## XXVIII. REQUEST FOR DISCLOSURE

91.    Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiffs propound this Request for Disclosure to Defendants C.H. Robinson Company, C.H. Robinson Worldwide, and C.H. Robinson Project Logistics. Defendants C.H. Robinson Company, C.H. Robinson Worldwide, and C.H. Robinson Project Logistics have fifty (50) days from the date of service of

the Plaintiff's Third Amended Petition to provide all the information in Rule 194.2(b)(1) through (12). This Request for Disclosure incorporates all requirements embodied in Rule 194.2(b)(1) through (12) as set forth fully herein for all purposes.

### XXIX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendants be cited to appear and answer herein and upon the trial of this cause, Plaintiffs have judgment against Defendants for all of their damages as set out herein, prejudgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all costs of court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**BENNETT INJURY LAW**

*/s/ Charles A. Bennett*
CHARLES A. BENNETT
State Bar No. 24086454
cbennett@bennettinjurylaw.com
ANDREW J. KLOPFER
State Bar No. 24120947
aklopfer@bennettinjurylaw.com
12770 Coit Road, Suite 720
Dallas, Texas 75251
TEL:    (972) 972-4969
FAX: (469) 754-0088

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was faxed, and/or email and or e-served to all counsel of record pursuant to the Texas Rules of Civil Procedure on the 26th day of July, 2021.

**VIA E-SERVE:**
Micheal V. Winchester
State Bar No. 21754350
Micheal V. Winchester & Associates, P.C.
5601 Granite Parkway, Suite 410
Plano, Texas 75024
Telephone: (214) 423-0000
Facsimile: (214) 423-0001
mwinchester@winchesterlaw.net

**ATTORNEY FOR DEFENDANTS**

/s/ Charles A. Bennett
**CHARLES A. BENNETT**

State of Texas
County of Parker

I certify that the foregoing, consisting of 21 pages, is a true, correct and complete copy of the instrument of record in my possession. This 27 day of AUGUST 20 21

SHARENA GILLILAND, DISTRICT CLERK

By: _____ Deputy

**PLAINTIFFS' THIRD AMENDED PETITION**                              **PAGE 21 OF 21**